**DAVIS, Appellee, et al.,**

**v.**

**CINCINNATI, INC., Appellant.**

[Cite as *David v. Cincinnati, Inc.* (1991), 81 Ohio App.3d 116.]

Court of Appeals of Ohio,
Summit County.

No. 14940.

Decided Aug. 28, 1991.

118

*A. Russell Smith, Antonios C. Scavdis* and *Marla L. Mitchell,* for appellee.
*David C. Comstock,* for appellant.

---

CACIOPPO, Judge.

On December 13, 1982, Donald Davis was injured by a press brake while working at Union Metal Manufacturing Company. Donald and Brenda Davis filed a complaint against the press brake manufacturer, Cincinnati, Inc. ("Cincinnati"), seeking damages for personal injury and loss of consortium. The complaint alleged, *inter alia,* a cause of action sounding in products liability based upon strict liability in tort.

The case proceeded to trial. On October 16, 1990, the jury returned a verdict in favor of Donald and against Brenda and awarded damages accordingly. Cincinnati filed motions for judgment notwithstanding the verdict and for a new trial on October 24, 1990. The motions were denied on December 20, 1990.

Cincinnati filed a timely appeal.

### Assignment of Error I

"The trial court committed prejudicial error instructing the jury that the plaintiff's misuse of a product constitutes an affirmative defense, on which the defendant carries the burden of proof, in a products liability action based on strict liability."

The trial court instructed the jury as follows:

"In order for the Plaintiff, Donald Davis, to recover in strict liability in tort against the Defendant, Cincinnati, Inc., with respect to his claim that the

product was defectively designed, Plaintiff must prove, by a preponderance of the evidence:

"One, that the product was defective at the time that it left Cincinnati, Inc.'s factory;

"Two, that the injury to Donald Davis occurred while the product was being used in a way that was reasonably foreseeable by the Defendant;

"And, three, that the defective condition of the product was a direct and proximate cause of the injury to Donald Davis.

"* * *

"To establish the defense of misuse of the product, the Defendant must prove by a preponderance of the evidence that the misuse of the product was:

"One, not reasonably foreseeable by the Defendant;

"And, two, that said misuse was the sole proximate cause of the Plaintiff's injuries.

"If you find that the Defendant has established these two elements, your verdict will be for the Defendant.

"If, on the other hand, the Defendant does not prove these two elements by a preponderance of the evidence, the Defendant will have failed on the defense of misuse of the product."

■ The crux of Cincinnati's argument is that the instruction impermissibly shifted Davis's burden to Cincinnati, thereby relieving Davis from proving an element of his case, *i.e.,* that he was using the product in a reasonably foreseeable manner when injury occurred.

The Supreme Court of Ohio has recognized that an affirmative defense is available to a defendant in a products liability case if the plaintiff misused the product in an unforeseeable manner. *Bowling v. Heil* (1987), 31 Ohio St.3d 277, 282, 31 OBR 559, 563, 511 N.E.2d 373, 377; *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 4, 523 N.E.2d 489, 492, fn. 1.

■ An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it. Black's Law Dictionary (5 Ed.1979) 55.

Cincinnati asserts that establishing that the plaintiff misused the product is not a new matter, but rather, requires the defendant to negate an element of the plaintiff's case. We disagree.

■ A product design is in a defective condition if: (1) the product is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) the benefits of the challenged design do not outweigh the risk inherent in such design. *Knitz v. Minster Machine*

*Co.* (1982), 69 Ohio St.2d 460, 23 O.O.3d 403, 432 N.E.2d 814, syllabus. Requiring the defendant to establish that the plaintiff misused the product in an unforeseeable manner which proximately caused the injury is a new matter, and does not negate an element of the plaintiff's case. We find no error in the trial court's instructions to the jury concerning misuse. The first assignment of error is overruled.

### Assignment of Error II

"The trial court committed prejudicial error by instructing the jury that the modification of a product is an affirmative defense on which the defendant carries the burden of proof in a products liability action based on strict liability in tort."

Cincinnati claims that the trial court erroneously instructed the jury that the defendant has the burden of proving by a preponderance of evidence that the press had been modified.

In a products liability action based on strict liability in tort, a plaintiff must prove: (1) that there was, in fact, a defect in the product manufactured and sold by the defendant; (2) that such defect existed at the time the product left the hands of the defendant; and (3) that the defect was the direct and proximate cause of the plaintiff's injuries or loss. *State Auto Mut. Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St.2d 151, 65 O.O.2d 374, 304 N.E.2d 891, paragraph two of the syllabus. Courts have held that a manufacturer or seller is not liable for injuries caused by a defective product if the defect was created by alteration which amounts to an intervening or superseding cause in a cause of action sounding in strict liability. *Bechter v. Haynes* (Sept. 16, 1987), Summit App. No. 12940, unreported, 1987 WL 16984. In Ohio, a defendant manufacturer or seller must show that there has been a substantial change in the product after it left his hands and that such change amounted to an intervening or superseding cause. *Id.*, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, paragraph three of the syllabus.

In the case *sub judice*, the appellee produced evidence that the press was designed and manufactured with a gap between the edge of the bolster plate and the stationary ram guide which created a crush point. Donald Davis's hand was caught in the crush point and injured. When this evidence was produced showing that the gap was a defect, and that the defect was the proximate cause of Davis's injury, the burden shifted to Cincinnati to show that the press was substantially altered after it left Cincinnati's hands and that such alteration was an intervening or superseding cause of Davis's

injury. The jury was properly instructed. The second assignment of error is overruled.

### Assignment of Error III

"The trial court committed error in failing to grant defendant's motion for judgment notwithstanding the verdict."

 Appellant asserts that its motions for a new trial and judgment notwithstanding the verdict were improperly denied.

As stated by the Supreme Court of Ohio:

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 347, 28 OBR 410, 412, 504 N.E.2d 19, 21–22.

 The granting of a new trial as an alternative to a judgment notwithstanding the verdict is within the sound discretion of the trial court pursuant to Civ.R. 50(B), governing JNOV, and Civ.R. 59(A), governing new trials. *Highfield v. Liberty Christian Academy* (1987), 34 Ohio App.3d 311, 315, 518 N.E.2d 592, 597. A trial court abuses its discretion in granting a motion for a new trial where substantial evidence supports the verdict. *Verbon v. Pennese* (1982), 7 Ohio App.3d 182, 184, 7 OBR 229, 231, 454 N.E.2d 976, 979.

 A review of the record fails to demonstrate an abuse of discretion by the trial court. Cincinnati asserts that the jury's finding of a modification in the press precludes a finding of its liability under the theory of strict liability. Cincinnati points to the jury's interrogatory answers as reason for a new trial.

The jury found that the modification of the press brake was not a proximate cause of Davis's injury. After reviewing the entire record, we find no inconsistency in the interrogatories warranting a new trial. Accordingly, the third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.