TAYLOR et al., Appellants,

v.

**MERIDIA HURON HOSPITAL OF CLEVELAND
CLINIC HEALTH SYSTEM, Appellee.**

[Cite as *Taylor v. Meridia Huron Hosp. of Cleveland
Clinic Health Sys.* (2000), 142 Ohio App.3d 155.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76599.

Decided Nov. 13, 2000.

*Carl Nash,* for appellants.

*Reminger & Reminger* and *Beverly A. Sandacz,* for appellee.

---

ANN DYKE, Administrative Judge.

Plaintiffs Maurial and James Taylor appeal from the order of the trial court which granted summary judgment to Meridia Huron Hospital ("Meridia") in plaintiffs' action alleging negligence. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

On July 29, 1998, plaintiffs filed this action against Meridia and alleged that on August 16, 1996, defendant undertook to conduct a CT examination of plaintiff Maurial Taylor and negligently positioned her, causing her to fall.[1] Meridia denied liability and within a section of its answer designated "Affirmative Defenses" stated, "This defendant reserves the right to assert that Plaintiffs' claim is barred by the applicable statute of limitations."

Thereafter, Meridia filed a motion for summary judgment in which it asserted that plaintiffs were asserting a medical claim pursuant to R.C. 2305.11(D)(3) and that the claim was not filed within the one-year limitations period set forth pursuant to R.C. 2305.11(B)(1) for filing such claims. In opposition, plaintiffs argued, *inter alia,* that Meridia waived the statute of limitations defense because it had "reserve[d] the right" to assert this defense but had not actually done so. On May 24, 1999, the trial court granted Meridia's motion for summary judgment and determined that the matter was not timely filed. Plaintiffs now appeal and assign two errors for our review.

Plaintiffs' first assignment of error states:

"The court erred in failing to find that defendant waived its statute of limitations defense by failing to assert it affirmatively by motion prior to filing its answer herein or in its answer."

---

1. Plaintiff James Taylor asserted a loss of consortium.

Within this assignment of error, plaintiffs contend that Meridia waived the statute of limitations in this instance.

The Ohio Supreme Court has held that the affirmative defenses listed in Civ.R. 8 must be presented before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading pursuant to Civ.R. 8(C), or within an amended pleading pursuant to Civ.R. 15. *Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 57, 69 O.O.2d 350, 351, 320 N.E.2d 668, 670; *Carmen v. Link* (1997), 119 Ohio App.3d 244, 250, 695 N.E.2d 28, 31–32. The failure to utilize any of these methods results in a waiver of the affirmative defense. *Id.*, citing *Spence v. Liberty Twp. Trustees* (1996), 109 Ohio App.3d 357, 366, 672 N.E.2d 213, 219.

A party seeking to assert an affirmative defense pursuant to Civ.R. 8(C) is instructed by the language of the rule that the listed affirmative defenses must be "set forth affirmatively." Courts construing this language have determined that a party must set forth the listed affirmative defenses with specificity or else they are waived. *Arthur Young & Co. v. Kelly* (1993), 88 Ohio App.3d 343, 348, 623 N.E.2d 1303, 1306. Furthermore, it is well-settled that these affirmative defenses cannot be asserted for the first time within a motion for summary judgment. *Carmen v. Link* (1997), 119 Ohio App.3d 244, 250, 695 N.E.2d 28, 31–32. Moreover, it is well-settled that reserving a right is not the same as actually exercising that right. Cf. *Lourdes College of Sylvania, Ohio v. Bishop* (1997), 94 Ohio Misc.2d 51, 703 N.E.2d 362.

In this instance, Meridia's reservation of the right to assert the statute of limitations did not constitute the actual assertion of the statute of limitations as an affirmative defense. Further, at no time did Meridia submit an amended answer that included this affirmative defense. Rather, Meridia raised this defense in the proper manner for the first time within its motion for summary judgment. Under these circumstances, the defense of the statute of limitations was waived.

The first assignment of error is well taken.

Plaintiffs' second assignment of error states:

"The court erred in ruling that appellant's claim is a medical claim subject to the one-year statute of limitations."

Plaintiffs next contend that this matter is not a medical claim and is therefore not governed by the one-year limitations period set forth in R.C. 2305.11(B)(1).

Because we have determined that Meridia has waived the statute of limitations defense in this instance, this assignment of error is moot and we will not consider it herein. App.R. 12(A)(1)(c).

The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

O'DONNELL, J., concurs.

BLACKMON, J., dissents.

PATRICIA ANN BLACKMON, Judge, dissenting.

I respectfully dissent. The majority's opinion holds as a matter of law that Civ.R. 8(C) must be exactly complied with in all instances and, if not, it is waived. I, on the other hand, believe that under some circumstances substantial compliance with Civ.R. 8(C) is sufficient.

Here, Meridia's answer pleading under the heading "Affirmative Defenses" stated "the defendant reserves the right to assert that plaintiffs' claim is time-barred by the appropriate statute of limitation." Because plaintiff fell from a radiology table during a diagnostic X-ray, Meridia did not readily ascertain the statute-of-limitations date. After deposing plaintiff, Meridia concluded that plaintiff's claim was medical and time-barred by the one-year statute of limitations. Instead of filing an amended answer, Meridia moved for summary judgment asserting the statute of limitations.

Plaintiff herein argues that the "reservation of rights" is not the same as actually asserting the defense. I agree. However, the more fundamental question is whether under the circumstances of this case a reservation of rights is substantial compliance with Civ.R. 8(C).

An affirmative defense is a new matter, which, assuming is true, constitutes a defense to a claim. *Davis v. Cincinnati, Inc.* (1991), 81 Ohio App.3d 116, 610 N.E.2d 496. An affirmative defense affects recovery, not the plaintiff's claim. Consequently, the failure to assert it is an issue of waiver and the fundamental question should center on the prejudice suffered by the non-compliance. Here, no prejudice exists. Appellant's lawyer, during oral argument, acknowledged that he read appellee's answer and knew of the planned statute-of-limitations defense.

Consequently, this case evolves on the question of exact compliance versus substantial compliance. Substantial compliance has been historically used by the courts over the years when interpreting both criminal and civil rules. See *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959, 962; *State v. Fleischer* (Aug. 10, 1993), Licking App. No. CA–3613, unreported, 1993 WL

364910; *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476; *Firwood Invest. Co. v. Statt* (Mar. 5, 1999), Montgomery App. No. 17206, unreported, 1999 WL 114982. The substantial compliance doctrine is a most effective way to achieve justice and complete the court's business. After all, justice mandates that pleadings are liberally construed. Civ.R. 8(F); *Carmen v. Link* (1997), 119 Ohio App.3d 244, 249, 695 N.E.2d 28, 31; *Morris v. Children's Hosp. Med. Ctr.* (1991), 73 Ohio App.3d 437, 443, 597 N.E.2d 1110, 1113–1114.

Additionally, this case is not synonymous with those cases where the affirmative defense is raised for the first time by a dispositive summary judgment motion. See *Mossa v. W. Credit Union, Inc.* (1992), 84 Ohio App.3d 177, 180, 616 N.E.2d 571, 573–574; *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 3–4, 12 OBR 1, 2–4, 465 N.E.2d 377, 378–380.

The requirement that a defendant raise any applicable affirmative defenses in his answer is designed to ensure that the plaintiff has sufficient notice of the defendant's defenses to prepare a proper response. Here, the defendant's answer included a reservation of the right to assert a statute-of-limitations defense and thereby notified the plaintiff that the defendant was considering raising that defense. The plaintiff has suffered no prejudice in this case.

Accordingly, I dissent.