DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Geotech Services, Inc. appeals from the Summit County Court of Common Pleas, which entered judgment on a jury verdict in favor of Appellee John Barker. This Court affirms.
 I. {¶ 2} Appellee's insurer hired Appellant to repair some structural damage to Appellee's home. Upon completion, Appellee sued, alleging that Appellant's negligence had caused dust, dirt, and debris to damage his home and personal property. Appellant denied liability and asserted certain affirmative defenses, but not contributory negligence. The case proceeded to discovery and eventually to trial. A jury found for Appellee and awarded him $22,000 in damages. Appellant appealed, asserting two assignments of error for review.[1], [2]
 II. A. First Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ALLOWING A JURY VIEW PURSUANT TO O.R.C. 2315.02[.]"
 {¶ 3} Appellant asserts that the trial court erred by denying Appellant's request for the jury to view Appellee's residence, alleging "that the photographs of the premises did not accurately depict the conditions of [Appellee's] residence, the extensive flood damage to the residence and the total disregard for personal property at the residence." Appellant concludes that the denial was an abuse of discretion warranting reversal or new trial. This Court disagrees.
 {¶ 4} "R.C. 2315.02, which permits the court to have the jurors visit the scene, does not mandate that visit even if requested." Schwartz v. Wells (1982), 5 Ohio App.3d 1, paragraph one of the syllabus. "[T]he decision to conduct a view of the property is a matter within the trial court's discretion."Woloszczuk v. Estate of Gehm (Feb. 14, 1996), 9th Dist. No. 17318, at *3. An abuse of discretion is more than an error of law or judgment, but instead, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 5} In denying Appellant's request for a jury view, the trial court reasoned: "there are substantial health issues involving the location that was asked to be used in a jury view," and "the parties clearly have the ability of showing whatever they want to show by way of evidence through either pictures or examination, and that neither party would be prejudiced." The jury was provided direct testimony, expert testimony, and numerous photographs from various perspectives.
 {¶ 6} Based on the trial court's articulated basis, this Court cannot conclude that the denial was unreasonable, arbitrary, or unconscionable. See Blakemore,5 Ohio St.3d at 219. Furthermore, even if we agreed with Appellant's allegation that the photos were insufficient to depict the conditions accurately, we are not at liberty to substitute our judgment for that of the trial court. Pons, 66 Ohio St.3d at 621. This assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GIVING A COMPARATIVE NEGLIGENCE INSTRUCTION TO THE JURY[.]"
 {¶ 7} Appellant alleges that the trial court erred by denying Appellant's request for a jury instruction on comparative negligence. Appellant argues that Appellee's negligence contributed to the damages, and asserts that there was sufficient evidence to justify a jury instruction. Appellant concludes that the denial was an abuse of discretion warranting reversal or new trial. This Court disagrees.
 {¶ 8} Upon review of the record, we find that Appellant did not assert comparative or contributory negligence in its pleadings.
"The Ohio Supreme Court has held that the affirmative defenses listed in Civ.R. 8 must be presented before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading pursuant to Civ.R. 8(C), or within an amended pleading pursuant to Civ.R. 15. The failure to utilize any of these methods results in a waiver of the affirmative defense.
"A party seeking to assert an affirmative defense pursuant to Civ.R. 8(C) is instructed by the language of the rule that the listed affirmative defenses must be `set forth affirmatively.' Courts construing this language have determined that a party must set forth the listed affirmative defenses with specificity or else they are waived. * * * Moreover, it is well-settled that reserving a right is not the same as actually exercising that right." (Internal citations omitted.) Taylor v. Meridia HuronHosp. (2000), 142 Ohio App.3d 155, 157.
Therefore, Appellant waived the right to this defense. Thus, we find that the court did not err when it denied Appellant's request for a jury instruction on comparative negligence. Accordingly, this assignment of error is overruled.
 III. {¶ 9} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. concur.
[1] On March 16, 2006, Appellant filed a reply brief with this Court. However, Appellee had failed to file a brief in response to Appellant's initial brief filed on January 26, 2006. Pursuant to App.R. 16(C), Appellant's reply brief is not properly before this Court. Furthermore, the Ohio Rules of Appellate Procedure do not provide for the filing of multiple briefs by an appellant, and this Court has not granted Appellant leave to file a supplemental brief. See App.R. 16(C). Therefore, Appellant's reply brief is stricken, and we do not consider the arguments raised by Appellant in the reply brief.
[2] On July 7, 2006, the day of oral argument in this case, Appellant filed a notice of supplemental authority and set forth seven additional cases upon which it intends to rely. Loc.R. 8(E), however, limits supplemental authority to "cases decided after the filing of the briefs." Appellant filed its brief on January 26, 2006. The following cases cited by Appellant were decided prior to the filing of its brief and the notice of supplemental authority is hereby stricken to the extent it addresses these cases:
Kishmarton v. William Bailey Constr., Inc.,93 Ohio St.3d 226, 2001-Ohio-1334.
Floyd v. United Home Improvement Ctr., Inc. (1997),119 Ohio App.3d 716.
Hortman v. Miamisburg, 161 Ohio App.3d 559, 2005-Ohio-2862.
Corporex Dev. Constr. Mgt., Inc. v. Shook, Inc., 10th Dist. No. 03-AP269, 2004-Ohio-1408.
Sun Refining Marketing Co. v. Crosby Valve Gage Co.,68 Ohio St.3d 397, 1994-Ohio-369.
In addition, this filing included legal argument in support of the assignments of error. The motion is hereby further stricken to the extent that it contains legal argument. See App.R. 16(C) (which prohibits any further briefing beyond that which is set forth in the Appellate Rules).