TOPAZIO et al., Appellants,

v.

ACME COMPANY et al., Appellees.

[Cite as *Topazio v. ACME Co.*, 186 Ohio App.3d 377, 2010-Ohio-1002.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 09 MA 124.

Decided March 12, 2010.

Michael Lerner, for appellants.

Mark Verkhlin and Mark Hanni; and Stephen Garea, for appellees.

VUKOVICH, Presiding Judge.

{¶ 1} Plaintiffs-appellants Michael and Marilyn Topazio appeal the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, the Acme Company. The issue on appeal is whether Acme waived the argument concerning the violation of the saving statute or whether the raising of the affirmative defense of statute of limitations in an answer is sufficient to comply with Civ.R. 8(C). For the following reasons, we conclude that the failure to specifically raise the saving statute in an answer does not constitute waiver when the answer sets forth a statute-of-limitations defense. Therefore, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

{¶ 2} On October 4, 2002, Michael Topazio was injured when a truck belonging to Acme moved while he was helping to unload it. As he acknowledges, his negligence claim against Acme was subject to a two-year statute of limitations,

which would have expired on October 4, 2004. See R.C. 2305.10(A). He and his wife ("appellants") timely filed a complaint on September 22, 2004.

{¶ 3} On September 20, 2005, appellants voluntarily dismissed their complaint without prejudice under Civ.R. 41(A). They refiled the complaint on September 27, 2006, which they admit was seven days past the one-year refiling time limit provided in R.C. 2305.19(A), commonly known as the saving or refiling statute.

{¶ 4} Acme's answer alleged that appellants' claim was barred by the statute of limitations. In mid–2007, Acme retained a new attorney. Discovery proceeded. Then, on February 6, 2009, Acme filed a motion for leave to file a motion for summary judgment instanter. The motion for summary judgment urged that the complaint was not filed within the statute of limitations and that appellants were not protected by the saving statute due to the failure to refile within one year of their voluntary dismissal.

{¶ 5} After Acme was granted leave to file this summary-judgment motion, appellants responded by arguing that Acme's answer did not properly raise the defense that their complaint was barred by R.C. 2305.19(A). They urged that they did not violate the statute of limitations as raised in Acme's answer but rather they violated the saving statute, which affirmative defense was waived by not being set forth affirmatively in Acme's answer.

{¶ 6} On April 17, 2009, the trial court granted summary judgment in favor of Acme. Appellants filed the within timely appeal.

## ASSIGNMENT OF ERROR

{¶ 7} Appellants' sole assignment of error provides:

{¶ 8} "It was error for the court to grant summary judgment to defendant The Acme Company."

{¶ 9} As aforementioned, it is conceded that a two-year statute of limitations applied to appellants' claim and that the original complaint was timely filed under this statute. See R.C. 2305.10. After this statute of limitations expired on October 24, 2004, the first complaint was voluntarily dismissed, which is a "failure otherwise than upon the merits." See *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 42–43, 512 N.E.2d 337. This calls into play the saving statute, which provides:

{¶ 10} "*In any action that is commenced* or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or *if the plaintiff fails otherwise than upon the merits, the plaintiff* or, if the plaintiff dies and the cause of action survives, the plaintiff's representative *may commence a new action within one year after* the date of the reversal of the judgment or *the plaintiff's failure otherwise than upon the merits* or within the period of the original applicable

statute of limitations, whichever occurs later." (Emphasis added.) R.C. 2305.19(A).

{¶ 11} It is conceded that appellants violated this saving statute by failing to refile the action within one year of the voluntary dismissal. However, a defendant's failure to properly raise certain defenses constitutes waiver. For instance:

{¶ 12} "In pleading to a preceding pleading, *a party shall set forth affirmatively* accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, *statute of limitations,* waiver, *and any other matter constituting an avoidance or affirmative defense.*" (Emphasis added.) Civ.R. 8(C)

{¶ 13} Here, Acme raised the statute of limitations as an affirmative defense in its answer. Acme did not specify the failure to comply with the savings statute until its motion for summary judgment.

{¶ 14} Appellants urge that a plaintiff's failure to comply with the saving statute is an affirmative defense under Civ.R. 8(C) and that Acme waived that affirmative defense by failing to raise it with specificity in the answer, citing *Taylor v. Meridia Huron Hosp. of Cleveland Clinic Health Sys.* (2000), 142 Ohio App.3d 155, 754 N.E.2d 810. Appellants rely on Supreme Court case law holding that "the savings statute is neither a statute of limitations nor a tolling statute extending the statute of limitations." *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 4, 21 OBR 266, 487 N.E.2d 285, citing *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St.3d 162, 163, 6 OBR 221, 451 N.E.2d 1196. Appellants conclude that an answer that raises only statute of limitations as a defense waives the defense of failure to comply with the saving statute.

{¶ 15} First, we note that *Taylor* is an Eighth District Court of Appeals case. In addition, it is distinguishable because the language on specificity in that case dealt with an answer that "reserved the right" to raise a statute-of-limitations defense but never actually raised the defense. See *Taylor,* 142 Ohio App.3d at 156, 754 N.E.2d 810. Thus, we turn our focus to the effect of the Supreme Court's language in the *Reese* and *Lewis* cases.

{¶ 16} In both cases, the defendant argued that the savings statute was inapplicable because it conflicted with the relevant statute of limitations. The Supreme Court disagreed, noting that the statute of limitations applicable to each case was remedial and did not provide for the situation where a timely filed action is then dismissed without prejudice. *Lewis,* 21 Ohio St.3d at 4, 21 OBR 266, 487 N.E.2d 285; *Reese,* 6 Ohio St.3d at 163–164, 6 OBR 221, 451 N.E.2d 1196 (the Court of Claims is duty bound to apply the same rules of law and procedure in

cases where the state is defendant and that the saving statute is one of those rules). In holding that the statutes did not conflict, *Reese* stated:

{¶ 17} "This statute, the savings statute, is not a statute of limitations. Neither is R.C. 2305.19 a tolling statute extending the period of a statute of limitations. R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal. Thus, the court of appeals was correct in its conclusion that no conflict exists between R.C. 2743.16 and 2305.19. The two cannot be applied at the same time since each is dependent upon different circumstances." Id. at 163, 6 OBR 221, 451 N.E.2d 1196.

{¶ 18} As Acme points out, neither of these Supreme Court cases dealt with the issue of whether the raising of the statute of limitations as a defense in an answer sufficiently preserves the argument that the saving statute was violated. Moreover, the fact that the saving statute is not itself considered a statute of limitations does not mean that a violation of the saving statute cannot result in a violation of the statute of limitations.

{¶ 19} *It was the statute of limitations that was ultimately violated upon the violation of the saving statute.* See, e.g., *Mays v. Kroger Co.* (1998), 129 Ohio App.3d 159, 161, 717 N.E.2d 398, fn. 1 (the Twelfth District stated that if the complaint is not refiled within one year of dismissal, the complaint is barred by the statute of limitations, which is an affirmative defense that must be raised to avoid waiver); *Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 192, 694 N.E.2d 1379 (the Eighth District found that the plaintiff was not protected by the saving statute because she failed to refile her complaint within one year of her voluntary dismissal and also held that the defendant did not waive "the statute of limitations defense," which was raised in the answer). In other words, even though the saving statute is not itself considered a statute of limitations, violation of the saving statute here resulted in a violation of the statute of limitations.

{¶ 20} In support of this premise, we point out that the Supreme Court has characterized the saving statute as a reason the statute of limitations does not act as a bar in a particular case. For instance, the court has stated that a complaint would be untimely *unless* the saving statute applied, and the court labeled the saving statute as a "legislative protection from the limitations bar." *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 42–43, 512 N.E.2d 337 (also stating that when the saving statute applies, "the date for filing the new action relates back to the filing date for the preceding action for limitations purposes"). The court has also stated:

{¶ 21} "*Savings* statutes may apply when a claim filed within the time required by a statute of limitations is dismissed without prejudice but *the statute of limitations on the claim has already expired.* Savings statutes operate to give a

plaintiff a limited period of time in which to refile a dismissed claim *that would otherwise be time-barred.*" (Emphasis added). *Internatl. Periodical Distrib. v. Bizmart,* 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7.

[2–4] {¶ 22} Thus, a failure to comply with the saving statute means that the statute of limitations has run. In fact, even when there is compliance with the saving statute, the statute of limitations would still have technically run, but then the saving statute kicks in to "protect" the plaintiff from the limitations bar. It allows the refiled complaint to relate back to the original timely filing; it is a shield to the limitations bar. *Frysinger,* 32 Ohio St.3d at 42–43, 512 N.E.2d 337. It is essentially an exception to the statute of limitations. See *Internatl. Periodical,* 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, at ¶ 7 (claim is "otherwise time-barred"). Moreover, this is a notice-pleading state. See Civ.R. 8(B). Because an actual violation of the saving statute results in the violation of the statute of limitations, the assertion of the statute of limitations as an affirmative defense in the answer preserves the argument that the saving statute was violated.

{¶ 23} We add that an answering defendant alleging that the statute of limitations was violated need not list why every possible exception is inapplicable to the case. There are numerous reasons why a plaintiff may be able to argue against the application of a statute of limitations in a certain case. However, the defendant need not anticipate and argue against each in its answer. See, e.g., *Johnson v. Waterloo Coal Co.,* 184 Ohio App.3d 607, 2009-Ohio-5318, 921 N.E.2d 1099, ¶ 8, 10 (answer should have raised "statute of limitations" as a defense where it was later argued that saving statute was not applicable due to addition of new theory in refiled complaint). Rather, raising the statute of limitations as a defense in an answer suffices to preserve later arguments countering the plaintiff's various shields against application of the statute of limitations.

{¶ 24} Along these lines, it has been proposed that the statute of limitations is the defendant's affirmative defense, but the saving statute is an assertion to be made by the plaintiff either as a reply to an answer under Civ.R. 7(A) or as a regular response to a motion for summary judgment under Civ.R. 56. See *Keyer v. Wysong* (July 10, 1979), 2d Dist. No. 6114, 1979 WL 208421 (the statute of limitations is an affirmative defense that the defendant can plead, and the plaintiff can set up R.C. 2305.19 in reply). In such a case, the saving statute is said to be the *plaintiff's* "confession and avoidance" rather than the defendant's. See *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187 (an affirmative defense is any defensive matter in the nature of a confession and avoidance).

{¶ 25} Either way, raising the statute of limitations in an answer is sufficient to argue at the summary-judgment stage of the proceedings that the statute of limitations was violated as a result of a saving-statute violation.

{¶ 26} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

DONOFRIO and DEGENARO, JJ., concur.