[Cite as *Miller v. Munchel*, 2011-Ohio-3734.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

JEFF MILLER                          :

    Plaintiff-Appellant        :     C.A. CASE NO. 24431

vs.                                  :     T.C. CASE NO. 09CV2647

STEPHANIE MUNCHEL                    :     (Civil Appeal from
                                   Common Pleas Court)
    Defendant-Appellee         :

. . . . . . . . .

## O P I N I O N

Rendered on the 29th day of July, 2011.

. . . . . . . . .

Richard B. Reiling, Atty. Reg. No.0066118, 5045 N. Main Street, Suite 320D, Dayton, OH 45415
    Attorney for Plaintiff-Appellant

Kevin C. Connell, Atty. Reg. No.0063817, One Dayton Center, 1 S. Main Street, Suite 1800, Dayton, OH 45402-2017
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a summary judgment in an action between adjoining landowners.

{¶ 2} On April 1, 2009, Plaintiff, Jeff Miller, filed a

complaint alleging that Defendant, Stephanie Munchel, [1] negligently failed to maintain a tree on her property, "causing the tree to fall on or about September 1, 2008, onto Plaintiff's Property causing damage to Plaintiff's Property in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00)." Miller prayed for compensatory damages and costs. (Dkt. 1).

{¶ 3} Munchel failed an answer and jury demand. Except for admitting that they are adjoining landowners, she denied the allegations of Miller's complaint. Munchel also pleaded thirteen affirmative defenses, including assumption of the risk and that damage to Miller's property was caused by an act of God. (Dkt. 9)

{¶ 4} On March 12, 2010, Munchel filed a motion for summary judgment. (Dkt. 28). Munchel contended that Miller's right to maintain an action on his claim for relief had been waived pursuant to the terms of a release between the parties settling a prior lawsuit. Munchel also contended that Miller assumed the risk of his loss by failing to trim the tree, which he had a right to do. Munchel further contended that the damage to Miller's property proximately resulted from an act of God, when "a weather storm

---

[1]Plaintiff's Complaint identified Defendant as "Stephanie Muchel." She subsequently averred that her surname is Munchel. Defendant's correct name is used in this opinion.

known as 'Hurricane Ike' came through Dayton, Ohio." *Id.*

{¶ 5} On January 10, 2011, the trial court granted Defendant Munchel's motion for summary judgment, solely on her claim of waiver and release. (Dkt. 53). Miller filed a notice of appeal.

ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶ 7} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First National Bank & Trust Co.* (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. *Nilavar v. Osborn* (1998), 127 Ohio App.3d 1.

{¶ 8} "A release is a contract that is favored by the law to

encourage the private resolution of disputes." *Lewis v. Mathes,* 161 Ohio App.3d 1, 2005-Ohio-1975, ¶14. "A release may be defined as the giving up or abandoning of a claim or right to the person against whom the right is to be enforced or exercised." *Fabrizio v. Hendricks* (1995), 100 Ohio App.3d 352, 356. "A release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release." *Haller v. Borror Corp* (1990), 50 Ohio St.3d 10, 13.

{¶ 9} "An agreement between a plaintiff and a defendant that the plaintiff will compromise a claim for relief and release a defendant from liability upon the defendant's payment of an amount of money is a contract, and like all contracts, requires a meeting of the minds in order to be binding on the parties." *Garrison v. Daytonian Hotel* (1995), 105 Ohio App.3d 322, 325. On that principle, "the intention of the parties governs in interpretation of releases." *Whitt v. Hutchison* (1975), 43 Ohio St.2d 53, 58. "If . . . the language of the release is unqualified and absolute in its terms, it may fairly be said that a presumption does arise that the injury has ben fully satisfied . . ." *Id.*, at p. 57, citing *Adams Express Co. v. Beckwith* (1919), 100 Ohio St. 348.

{¶ 10} There was a previous lawsuit between these parties, apparently involving the same tree. In *Miller v. Muchel*, Montgomery County Common Pleas Court Case No. 06CV3679, Miller

alleged that Munchel had negligently breached her duty to maintain the trees on her property, "causing damage to Plaintiff's Property in an amount exceeding Twenty-five Thousand Dollars, all to Plaintiff's harm." (Dkt. 28, Exhibit B). No further operative facts were alleged. That action was dismissed with prejudice by the court upon a finding that Miller's claims for relief against Munchel "have been settled and compromised to the full satisfaction of the parties hereto . . ." (Dkt. 28, Exhibit C). A copy of a release signed by Miller on March 24, 2007, is attached to Munchel's motion for summary judgment as Exhibit D. That document states:

{¶ 11} "FOR THE SOLE CONSIDERATION of One Thousand Five Hundred Dollars and No Cents ($1,500.00), the receipt and sufficiency whereof is hereby acknowledged, and with reference to a claim out of a dispute between adjoining landowners, wherein Jeffrey Miller claimed a tree owned by Stephanie Munchel damaged property owned by Miller at or near 1868 Russet Avenue, Dayton, Ohio, Montgomery County, Ohio, the undersigned hereby releases and forever discharges Stephanie Munchel, her heirs, executors, administrators, agents, insurers (including, but not limited to Auto-Owners Insurance Company), successors, subsidiaries and assigns, who might be claimed to be liable, none of whom admit any liability to the undersigned but all who expressly deny any

liability, from any and all claims, demands, damages, actions, caused of action or suits of any kind or nature whatsoever (except for a claim for declaratory judgment with respect to the partial rights and obligations, concerning a tree which sits on both properties) and particularly on account of any injuries, known or unknown, both to person and property, which have resulted on may in the future develop.

{¶ 12} "The undersigned also specifically release, acquit, discharge, and agree to hold harmless Stephanie Munchel, her employees, agents, representatives, trustees, successors, and assigns of and from the claim described above asserted in Montgomery County Common Pleas Court Case No. 2006-CV-3679.

{¶ 13} "This is a full and final release and satisfaction of all claims described above of the undersigned given in good faith, and discharging the party or parties released from all claims of liability for negligence and intended to discharge the party or parties released from any liability for contribution to any other alleged tortfeasor.

{¶ 14} "EACH PERSON SIGNING THIS AFFIDAVIT AND PARTIAL RELEASE HAS READ IT AND FULLY UNDERSTANDS IT."

{¶ 15} Miller was deposed on February 17, 2010. He stated that the action he filed against Munchel in 2006 was on a claim for damage to the concrete floor of his garage caused by roots

from a tree on Munchel's property that grew up through the floor. The present action was on a claim for damage to his house, garage, and a rear fence caused by branches that fell from the same tree, and perhaps another. Miller has since had the garage torn down due to the extent of the damage to the garage.

{¶ 16} The trial court granted Munchel's motion for summary judgment solely on the basis of the terms of the release document that Miller signed. The court wrote:

{¶ 17} "In the instant case, the language of the release agreement shows the intent of the parties was that it operate to settle the claims in the 2006 case as well as any other damages caused by the tree in the future. Specifically, the agreement states the Miller releases and forever discharges Munchel on account of any injuries, known, or unknown, both to person and property, which have resulted or may in the *future develop*. Further, the release goes on to state that the Miller also specifically releases Munchel from the claim asserted in the 2006 case. Therefore, this Court finds that there are no genuine issues of material fact as to whether the release agreement included future damage caused by the tree." (Dkt. 53, p. 6).

{¶ 18} Release and waiver are among the defenses identified by Civ.R. 8(C) which must be affirmatively pleaded. Failure to plead an affirmative defense to a claim in a pleading responsive

to a prior pleading setting forth the claim waives the defense. *Taylor v. Merida Huron Hospital of Cleveland Clinic Health System* (2000), 142 Ohio App.3d 155. Affirmative defenses cannot be asserted for the first time in a motion for summary judgment. *Carmen v. Link* (1997), 119 Ohio App.3d 244.

{¶ 19} The defenses of release and waiver which Munchel's motion for summary judgment asserted were not pleaded affirmatively in the answer to Miller's complaint that Munchel filed. Miller did not object to that defect or move to strike Munchel's motion for summary judgment, to the extent that the motion asserted release and waiver. Therefore, any error the court committed in granting the motion absent a pleading of those defenses is waived. *Cooper v. Dayton* (1997), 120 Oho App. 34.

{¶ 20} The point in dispute that Munchel's motion for summary judgment presented is whether, by the terms of the release he signed, Miller had waived his right to commence an action on the claims for relief which his present action involves. The court could not grant Munchel's motion as it did unless it appears from pleadings that were filed and the terms of the release that reasonable minds can come to but one conclusion and that conclusion is adverse to Miller, his being entitled to have the release construed most strongly in his favor. Civ.R. 56(C).

{¶ 21} The release that Miller signed on March 27, 2007, states

that Miller "hereby releases and forever discharges, Stephanie Munchel . . . from any and all claims, demands, damages, actions . . . or suits of any kind or nature whatsoever . . . on account of any injuries, known or unknown, both to person and property, which have resulted or may in the future develop."  That promise is made "with reference to a claim out of a dispute between adjoining landowners wherein Jeffrey Miller claimed a tree owned by Stephanie Munchel damaged property owned by Miller . . ."  The release also specifically applies to "the claim described above asserted in Montgomery County Common Pleas Court Case No. 2006-CV-3679."  The complaint that Miller filed in the present action sets out claims for relief arising from damage to his property that allegedly occurred on September 14, 2008, when a tree growing on Munchel's property fell onto Miller's property.

{¶ 22} The language of the release is unqualified and absolute with respect to the claims encompassed within the 2006 action. Further, the release waives Miller's right to commence an action on any injuries which in the future result from those same claims.  However, reasonable minds could find that the claims on which the present action was commenced are not claims encompassed within the 2006 action, because they allegedly arose from events that occurred thereafter, on September 14, 2008.  On that basis, even though the claims in the present and prior actions concern damage

allegedly caused by the same trees, and to the same property, Miller's right to maintain an action for the damage that occurred in 2008 was not waived by the terms of his 2007 release because they do not involve the same claims on which Miller released Munchel from liability.  The trial court erred when it granted summary judgment for Munchel on her defenses of release and waiver.

{¶ 23} The assignment of error is sustained.  The judgment from which the appeal is taken will be reversed and the cause remanded for further proceedings consistent with this opinion.

FAIN, J. And DONOVAN, J., concur.

Copies mailed to:

Richard B. Reiling, Esq.
Kevin C. Connell, Esq.
Hon. Barbara P. Gorman