[Cite as *Fine v. French*, 2018-Ohio-2256.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LAW OFFICE of MONA J. FINE | JUDGES:<br>Hon. John W. Wise, P. J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 20 |
| JAMIE M. FRENCH aka BURKE | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Municipal Court, Case
No. 17 CVH 00412


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    June 7, 2018


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JEFFREY H. JORDAN    JOEL R. ROVITO
LAW OFFICE of JEFFREY H. JORDAN    7538 State Ridge Boulevard
Post Office Box 30863    Reynoldsburg, Ohio 43068
Gahanna, Ohio 43230

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Jamie M. French appeals the decision of the Mt. Vernon Municipal Court, Knox County, which ruled in favor of Plaintiff-Appellee Law Office of Mona J. Fine in a suit to recover unpaid fees for legal services pursuant to a written retainer agreement. The relevant facts leading to this appeal are as follows.

**{¶2}** In April 2013, Appellant French retained Attorney Mona J. Fine to represent her in a child custody and visitation matter. The written fee agreement at issue stated *inter alia* that Attorney Fine would charge an hourly rate of $185.00 per hour "for all services throughout the case ***." Clause 7 of the agreement included the following language: "If any balance remains due following thirty days upon conclusion of client's [appellant's] case, an interest charge of 10% per year shall be added to client's bill for the total amount then due and owing until all sums are paid in full." In addition, Clause 15 of the agreement included the following: "If Attorney [Fine] must engage counsel or otherwise expend funds to collect bills over sixty (60) days old, client agrees to reimburse Attorney for all associated fees and costs, plus interest on the outstanding balance."

**{¶3}** The total amount of fees claimed by appellee for representation in the matter was $16,970.50. Appellee claimed that appellant paid $11,000.00 toward the charges, leaving an unpaid balance of $5,970.50.

**{¶4}** On May 8, 2017, Appellee Law Office of Mona J. Fine, represented by outside counsel, filed a "complaint on account" in the Mt. Vernon Municipal Court (hereinafter "trial court"). The complaint also set forth claims of breach of contract and unjust enrichment.

**{¶5}** Appellant French, proceeding *pro se* at the trial court level, filed a "response to complaint" on June 16, 2017.

**{¶6}** On July 12, 2017, appellee filed a motion for a more definite statement and, to the extent applicable, a motion to dismiss any counterclaims asserted by appellant.

**{¶7}** On August 14, 2017, the trial court issued a judgment entry ordering appellant to provide a more definite statement, if she intended to state a counterclaim in the action.

**{¶8}** Appellant filed a second response to the complaint on September 1, 2017.

**{¶9}** The case proceeded to a bench trial on September 8, 2017.

**{¶10}** On September 11, 2017, the trial court issued a judgment entry in favor of appellee, granting the amount of $5,970.50 "for unpaid bills for legal services rendered," plus $1,194.10 "for legal fees incurred in the collection of unpaid bills for legal services rendered," plus ten percent interest from September 25, 2013, as well as court costs.

**{¶11}** On October 10, 2017, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:

**{¶12}** "I.  THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO PLAINTIFF-APPELLEE IN A BREACH OF CONTRACT CASE.

**{¶13}** "II.  THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE HER ATTORNEY FEES WHEN NO EXPERT WAS CALLED TO CORROBORATE HER FEE AS CUSTOMARY AND REASONABLE."

I.

**{¶14}** In her First Assignment of Error, appellant contends the trial court erred in granting appellee a judgment for collection based attorney fees of $1,194.10 in appellee's lawsuit based on the parties' agreement for legal services.

**{¶15}** As an initial matter, appellant urges that the judgment entry under appeal is unclear as to whether the trial court's legal basis for its decision was the complaint on account, breach of contract, or unjust enrichment. Our review of the record reveals that the September 11, 2017 judgment entry, approximately one and one-half pages in length, contains eight specific factual findings, but is indeed limited as to conclusions of law. However, absent a request in accordance with Civ.R. 52, a trial court need not issue findings and conclusions. *Law Office of Natalie F. Grubb v. Bolan*, 11th Dist. Geauga No. 2010-G-2965, 2011-Ohio-4302, ¶ 24. Furthermore, where, as in the case *sub judice*, a party fails to request findings of fact and conclusions of law, the reviewing court must presume the trial court applied the law correctly. *See Smith v. Smith*, 5th Dist. Muskingum No. CT2005-0040, 2006-Ohio-3251, ¶ 27.

**{¶16}** Appellant next directs us to the "American Rule" regarding attorney fees. This rule provides that each party in a lawsuit ordinarily shall bear its own attorney fees unless there is express statutory authorization to the contrary. *See*, *e.g.*, *TCF Natl. Bank v. Brinkley*, 5th Dist. Stark No. 2009 CA 00120, 2010-Ohio-1486, ¶ 7, citing *Alyeska Pipeline Service Co. v. Wilderness Society* (1975), 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. We recently summarized the rule as follows: "Parties are responsible for their own attorney fees in a civil case. Exceptions to this rule include the existence of a statute or enforceable contract specifically providing for the recovery of attorney fees or

if the prevailing party can establish bad faith on the part of the losing party." *Fox v. City of Pataskala*, 5th Dist. Licking No. 17-CA-75, 2018-Ohio-1592, ¶ 32 (additional citations omitted).

**{¶17}** In the case *sub judice*, we reiterate the language of Clause 15 of the agreement:

**{¶18}** "If Attorney [Fine] must engage counsel or otherwise expend funds to collect bills over sixty (60) days old, client agrees to reimburse Attorney for all associated fees and costs, plus interest on the outstanding balance."

**{¶19}** It is undisputed the trial court calculated the attorney fee amount based on appellee's outside counsel's utilization of twenty percent of the judgment as his fee for assisting appellee in collecting what was owed on the fee agreement between appellant and appellee. The trial court determined that $5,970.50 was still owed for legal services rendered by appellee, hence the calculation of $1,194.10 (or $5,970.50 x 20%). But appellant charges that the clause in question creates a "one-sided obligation," and she presently asks, apparently with the American Rule in mind, *** how can we now throw a 20% collection contingency fee into the mix in the middle of trial and the [trial court] actually award that contingency fee in its decision?" Appellant's Brief at 10, 12. She relies in part on *Miller v. Kyle* (1911), 85 Ohio St. 186, wherein the Ohio Supreme Court found a stipulated attorney fee provision in a promissory note in a commercial setting contrary to public policy and thus unenforceable because it promoted litigation and evaded usury laws. *Id.*

**{¶20}** Nonetheless, we note Civ.R. 8(C) states in pertinent part: "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration

and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. ***." Specifically, unconscionability is an affirmative defense to a breach of contract claim. *Am. Express Centurian Bank v. Banaie*, 7th Dist. Mahoning No. 10 MA 9, 2010-Ohio-6503, ¶ 24, citing *Deutsche Bank Natl. Trust Co. v. Pevarski,* 4th Dist. No. 08CA52, 2010–Ohio–785, ¶ 29. Under Civ.R. 8(C), a party must set forth the listed affirmative defenses with specificity or else they are waived. *Martin v. Morgan Cty. Agricultural Soc.*, 5th Dist. No. 12 AP 0009, 2013-Ohio-3106, 995 N.E.2d 951, ¶ 17, citing *Taylor v. Meridia Huron Hospital of Cleveland Clinic Health System* (2000), 142 Ohio App.3d 155, 157, 754 N.E.2d 810,

**{¶21}** Upon review of the record, we find appellant's *pro se* responses to appellee's complaint in the trial court do not clearly raise affirmative defenses in the nature of a claim of illegality or unconscionability concerning the bill collection provision under Clause 15, *supra.* Although appellant, in her reply brief, points out that her responses to the complaint at minimum asserted that appellee took advantage of her lack of legal knowledge and her physical, emotional, and financial state at the time, we find appellant's specific challenge to the trial court's award of attorney fees of $1,194.10 to be waived in the present appeal.

**{¶22}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶23}** In her Second Assignment of Error, appellant contends the trial court erred in granting judgment in favor of appellee for unpaid attorney fees of $5,970.50 under the parties' written agreement, despite the lack of an outside expert to testify as to the reasonableness of the fees charged.

**{¶24}** Compensation for services rendered by an attorney is generally fixed by contract prior to employment and the formation of the fiduciary relationship between attorney and client. *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 323, 653 N.E.2d 1245, (10th Dist.1995), citing *Jacobs v. Holston* (1980), 70 Ohio App.2d 55, 24 O.O.3d 72, 434 N.E.2d 738. After the fiduciary relationship is established, the attorney has the burden of establishing the reasonableness and fairness of fees. *Id.* Nonetheless, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact-finder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013, ¶ 16, citing *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶25}** In the case *sub judice*, Attorney Fine herself testified that she practices domestic relations law, probate law, and estate planning in Newark, Ohio. She has a bachelor's degree, two master's degrees in education, and a juris doctor degree from Pepperdine University. She spent approximately twenty years doing insurance defense work in California, following which time she opened her own practice in that state, before relocating to Newark. Tr. at 6.

**{¶26}** On direct examination, Attorney Fine described the underlying family law matter as "a very contentious grandparent visitation case." *Id.* Furthermore, Attorney Fine was asked, to a reasonable degree of certainty in the practice of law and based upon her personal knowledge, whether the amount of $16,970.50 was a reasonable fee for her to charge for her work in appellant's child custody/visitation matter. She responded: "As contentious as this case was, I would say that it was inexpensive for a contentious custody battle that – and that my charge for my experience, I also undercharge for the normal rate in my community." Tr. at 14. Attorney Fine also responded, in regard to a question regarding the amount of work she performed, that "[n]ot only was it necessary, but [appellant] demanded it." *Id.* She also testified that the amounts of time listed to perform the work were reasonable. *See* Tr. at 15.

**{¶27}** "As a general rule, the reasonableness of the value of attorney fees ordinarily must be proven by expert testimony and is not a proper matter for judicial notice." *Frey v. Stegall*, 4th Dist. Athens No. CA 1586, 1994 WL 170845. But this rule is not ironclad; at least in some contexts, when the amount of time and work spent on the case by the attorney is evident, an award of attorney fees, even in the absence of specific evidence, is not an abuse of discretion. *See Lough v. Lough*, 5th Dist. Licking No. 03CA104, 2005-Ohio-79, ¶ 94, citing *Babka v. Babka* (1992), 83 Ohio App.3d 428, 435, 615 N.E.2d 247. More importantly, however, where an appellant fails to object to the testimony of a witness and/or her qualification as an expert, an appellate court may treat those issues as waived. *See AFK Bldg. Systems, LLC v. Cottrill*, 5th Dist. Fairfield No. 02-CA-55, 2003-Ohio-1042, ¶ 10.

**{¶28}** Our review of the trial transcript in the case *sub judice* indicates that while appellant did object to some of appellee's exhibits in the form of invoices and/or business records (*see* Tr. at 22-24), she did not object to any of the aforesaid testimony of Attorney Fine and did not ask her any questions on cross-examination at that time.

**{¶29}** Appellant's Second Assignment of Error is therefore overruled on grounds of waiver.

**{¶30}** For the reasons stated in the foregoing opinion, the judgment of the Mt. Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.


By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0521